IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RICHARD A. CHICHAKLI,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

Civil Action No. 3:19-CV-0372-C

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Chichakli failed to meet his burden to show that jurisdiction for this suit is proper under the Federal Tort Claims Act (FTCA).  Chichakli's pre-suit correspondence is too vague, broad, and lacks a sum certain demand that would satisfy the administrative prerequisites for suit under the FTCA.  Chichakli has also failed to effectively waive his recovery over $10,000.00 to confer jurisdiction in this Court for his takings claim, which was, in any event, already determined to be invalid by the Court of Federal Claims.  Finally, there is no waiver of immunity for either of Chichakli's constitutional claim under the Fourth Amendment.  As a result, the Complaint should be dismissed in its entirety.[1]

**Chichakli has not met his burden to show that he has exhausted his administrative remedies under the FTCA.**  Although Chichakli's Complaint seemed to indicate that the basis for his administrative FTCA claim was contained in his January 10, 2018 correspondence, (*see*

---

[1] In his Response, Chichakli notes that the courts should liberally construe the complaints of pro se litigants.  (Response ¶ 8).  But the cited cases do not stand for the proposition that the Court should ignore the FTCA's requirement that the complainant coherently present a sum certain or simply assume that the United States has waived sovereign immunity.

**Reply in Support of Defendant's Motion to Dismiss and Brief in Support  – Page 1**

Complaint ¶ 48), he now contends that his administrative claim is contained in his June 7, 2017 letter to the Office of Foreign Assets Control ("OFAC").[2]  (Response, ¶ 14a).  For the reasons set forth in the Motion, Chichakli's June 7, 2017 letter, whether read separately or together with his other correspondence, fails to contain sufficient specificity or a sum certain to constitute a valid FTCA administrative claim.  (Motion, p. 15-21).  And as discussed more fully below, not only does the June 2017 letter lack a sum certain demand, but it lacks even sufficient details of the alleged wrongdoing to enable the agency, here the Department of the Treasury, to investigate the claim or reasonably evaluate settlement.[3]

To begin, Chichakli's June 7, 2017 letter does not adequately articulate a sum certain. (Doc. 16-1).  In contrast to Chichakli's baseless assertion, the letter does not purport to value the claim at $2.2 million.  *Id*.  In fact, the only specific statement relating to the claim is that it is "in excess of $10,000," (ironically, he alleges, vesting exclusive jurisdiction over his Fifth Amendment takings claim with the Court of Federal Claims under the Tucker Act).  *Id*.  Rather, the letter states that "I declare that my assets which were blocked on April 26, 2005 pursuant to Executive Order 12448 was valued at or about U.S. $2.2 million as reported by OFAC, the

---

[2] Chichakli contends the claim was presented on May 30, 2017, (Response, ¶ 14a), but the letter is dated June 7, 2017.  (Doc. 16-1)

[3] To support his contention that he has a valid FTCA claim, Chichakli references *Millbrook v. United States*, 569 U.S. 50 (2013).  This reference is puzzling.  *Millbrook* holds that the FTCA's waiver of sovereign immunity in suits for "certain intentional torts committed by federal law enforcement officers" is not limited to situations in which federal law enforcement officers are "engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest."  *Id.* at 50-52.  The relevant intentional torts are listed in 28 U.S.C. § 2680(h): "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  Chichakli does not allege that any of these torts were committed, nor does the government claim that any exception to the FTCA bars his claim in this case.  As such, *Millbrook* is simply inapposite.

**Reply in Support of Defendant's Motion to Dismiss and Brief in Support  – Page 2**

United States Department of Treasury, the U.S. State Department." [4]  *Id.*  There is no assertion that $2.2 million is the full value of Chichakli's claim, and there would be no reasonable basis to interpret this allegation from the letter.

There are other reasons to conclude that the $2.2 million figure does not constitute an adequately articulated sum certain.  The $2.2 million Chichakli references is the alleged value of the entirety of assets frozen at that time, which would be far more comprehensive than any amount of assets allegedly lost or destroyed that are the basis for Chichakli's claim.  Indeed, in the same letter Chichakli references property that was returned.  *See* (Doc. 16-1;) *see also* (Doc. 16-8) (advising Chichakli that all formerly blocked property had been returned).  Finally, the total value of all Chichakli's assets that were blocked would have to include any blocked assets in the possession of other parties, which Chichakli and OFAC also addressed in their correspondence.  *See* (Document 16-8) (advising Chichakli that OFAC had contacted BBVA Compass, Comerica Incorporated, and Prosperity Bank regarding the release of any funds belonging to Chichakli).  Thus, Chichakli does not state, and there is no reason to understand from Chichakli's correspondence, that he was making a claim for the alleged value of the entirety of his assets that were blocked.

---

[4] Chichakli notes that he based the $2.2 million figure on information the United States provided to the United Nations Security Council ("UNSC") that the UNSC recorded in certain reports included as exhibits to his Complaint. (Complaint ¶ 15; Response ¶ 15).  But none of the UNSC reports Chichakli provides contain any such figure in reference to his assets, and in fact, none contain any information whatsoever indicating that the United States froze his assets. (Complaint Ex. 1, Doc. 3, pp. 33-38).  The only references made to Chichakli are contained in three reports referencing related to assets frozen by the Syrian Arab Republic.  *Id.* at 36.  For two of the three reports the dollar value of the assets frozen in Syria is listed as "Not available," *id.* at 34, 36, and for the third, the value is $128,000.  *Id.* at 38.  It is possible that Chichakli means to reference assets attributed to Victor Bout in the reports, but the reports do not indicate whether or not any of Bout's assets are attributable to Chichakli.  *Id.*  As a result, the $2.2 million amount cited in Plaintiff's correspondence, some portion of which Chichakli alleges was misappropriated by the U.S. Government, is unsubstantiated and cannot provide the basis for a federal tort claim.

**Reply in Support of Defendant's Motion to Dismiss and Brief in Support  – Page 3**

In any event, even if the $2.2 million amount were somehow a sum certain, the June 7, 2017 letter is so vague and broad that it does not come close to the level of detail that would be required to constitute a proper FTCA claim.  Chichakli refers generally to numerous items that he contends were lost, stolen, or from which the value was removed.  (Doc. 16-1).  For example, he mentions "physical assets such as my real estate holdings, vehicles, original arts, accounts receivables, notes receivable, life insurance, and numerous others," and alleges destruction of "corporations and businesses as a going concern." *Id*.  These vague allegations do not sufficiently inform the agency of the facts of the incident, much less the amount of the claim. *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988) ("[V]alid notice requires a writing that informs the agency of the facts of the incident and the amount of the claim").

Despite Chichakli's vague allegations, OFAC made reasonable efforts to ascertain a sum certain.  But these efforts were unavailing.  OFAC's response to the June 2017 letter indicates that it is unable to consider a settlement due, in part, to the breadth of the claims and the lack of any specific evidence offered in the correspondence.  (Response Ex. 3, Doc. 16-3, p. 1).  OFAC then requested a specific list of property that Chichakli believed to be missing and the facts about how it was taken by the U.S. Government and not returned, as well as confirmed that it had returned the final installment of Chichakli's property on May 16, 2017.  *Id*.  Despite this very specific request, Chichakli again chose to only identify a vague handful of items that he contends were not returned or were returned damaged.  (Doc. 16-2, p. 6).  While Chichakli arguably provided enough detail about a few items for OFAC to ascertain the scope of his allegation—*e.g.* loss or theft of items 33 – 35 on the May 16, 2017 inventory—he still did not articulate with sufficient specificity the alleged value of this property.  (Doc. 16-2, p. 6).[5]  Chichakli's January

---

[5] Incidentally, Chichakli now contends that he was offering to settle for "just a restitution equal to the value of the stolen cash, diamonds, and gold including those item taken by the agents who delivered to

**Reply in Support of Defendant's Motion to Dismiss and Brief in Support  – Page 4**

18, 2018 correspondence also contains vague allegations about missing "original arts, silver articles, and antiques located in Chichakli's Public Accounting Office located at 811 S. Central Expressway, Richardson, Texas," as well as even more vague allegations about the disposition of his "assets – particularly funds, accounts receivable, real estate holdings, original arts and collectibles." *Id*.

As a result, neither the June 7, 2017 correspondence, the January 10, 2018 correspondence, nor all of the correspondence taken together provide sufficient detail as to the alleged lost, stolen and damaged property that is currently claimed in this Complaint.

Furthermore, the Complaint includes alleged lost or stolen property that is not even mentioned in the prior correspondence, such as, among other things, a "mortgage note receivable of more than $20,000," "foreign collectible currencies," and allegations relating to rental properties. (Complaint, ¶ 53, 55). Although it is unclear which of these allegations relate to the purported FTCA claims and which do not, to the extent that they relate to the FTCA claim, none of the correspondence advanced by Chichakli gave proper notice of these claims.

Finally, Chichakli alleges that the Government "deliberately destroyed most of [his] papers and records," which made it "nearly impossible" to provide a sum certain value of his tort claim. (Response ¶ 15). Chichakli, however, raises this allegation for the first time in his Response.[6] While Chichakli may seek leave to amend his Complaint, he is not free to assert new facts in his Response to the Government's motion to dismiss, and the Court should not credit this

---

Chichakli the left-over of his assets on May 16, 2017." (Response §16). This was not communicated in the June 7, 2017 letter. (Doc. 16-1).

[6] While Chichakli did allege in his Complaint that in 2013 the Government "hid and refuse[d] to reveal" a 2007 inventory of his assets, (Complaint ¶ 32), this appears to be a wholly separate allegation from the document destruction alleged in the Response, because he attached the 2007 inventory in question to his Complaint, (Complaint Ex. 10, Doc. 3, pp. 93-97). As he possesses the inventory document, Chichakli cannot argue that it was destroyed.

argument.  *See Downs v. Liberty Life Assur. Co.*, No. 05-CV-0791-R, 2005 U.S. Dist. LEXIS 22531, at \*10 (N.D. Tex. 2005) (quoting Moore's Federal Practice, § 12.34[2] (3d. Ed. 2005)) (holding that a court ruling on a motion to dismiss "'may not . . . take into account additional facts asserted in a memorandum opposing the motion, because such memoranda do not constitute pleadings under Rule 7(a)'").

In any event, as demonstrated by the numerous exhibits to his Complaint, Chichakli has extensive documentation of his assets and therefore cannot credibly claim that it was "nearly impossible" to provide a sum certain.  For example, Exhibit 7 (Complaint, Doc. 3, pp. 64-65, 74-77) includes a list of the various items seized from his office and his detailed inventory of diamonds; Exhibit 8 (Complaint, Doc. 3, pp. 79-87) includes inventories of his blocked property created around the time of his designation; Exhibit 10  (Complaint, Doc. 3, pp. 93-97) includes an inventory of his blocked property as of May 22, 2007; Exhibit 11 (Complaint, Doc. 3, pp. 99-140) includes an appraisal of his diamonds, jewelry, and various related valuables; and Exhibit 12 (Complaint, Doc. 3, pp. 157-59) contains a detailed receipt of the property returned to him by OFAC. Thus Chichakli had substantial detail about his assets, his property that was blocked, and the value of this property and had every opportunity to present a sum certain value in his administrative complaint.

Accordingly, the FTCA claims should be dismissed.  Alternatively, to the extent that Chichakli's correspondence was sufficient to exhaust his administrative remedies as to some specific portion of his claims, the Court should dismiss all of Chichakli's FTCA claims except to the limited extent that Chichakli provided adequate notice of these claims, including a sum certain amount.

**Chichakli's attempt to confer jurisdiction on this Court for his takings claim is insufficient.**  Chichakli now contends that his takings claim covers only three specific items and is limited to an amount of $10,000.00 in damages.  (Response, ¶23).  A plaintiff can satisfy the Little Tucker Act's jurisdictional requirements by "expressly disclaim[ing] monetary damages over $10,000."  *Waters v. Rumsfeld*, 320 F.3d 265, 270 (D.C. Cir. 2003).  The waiver of damages must be "'clearly and adequately expressed,'" *id*. (quoting *Goble v. Marsh*, 684 F.2d 12, 17 (D.C. Cir. 1982), and it should generally "be set forth in the initial pleadings," *Stone v. United States*, 683 F.2d 449, 454 n.8 (D.C. Cir. 1982); *see generally Grupo Dataflux v. Atlas Glob. Grp., L.P.,* 541 U.S. 567, 570 (2004)("It has long been the case that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'").  Chichakli's purported "waiver" is not contained in his Complaint nor made at the time the action was brought and, therefore, fails to confer jurisdiction on this Court.

Even if the Court allows Chichakli to amend the Complaint, the Court should decline to exercise jurisdiction over Chichakli's Fifth Amendment takings claim for the same reasons and on the same basis as the Court of Federal Claims, which considered, and rejected, a virtually identical claim.  *See Chichakli v. U.S.*, 141 Fed. Cl. 633 (2019).  As described in the motion, the Court of Federal Claims exercised its jurisdiction over the claim, considered its merits, and rejected the claim because Chichakli had not demonstrated that the Government "took" his property for "public use."  *Id*. at 640-41.  Accordingly, this Court does not have jurisdiction over Chichakli's takings claim, and it should be dismissed.[7]

---

[7] Chichakli addresses his Fifth Amendment claim as if it were separate from his takings claim. (Response, ¶¶ 20-25).  To the extent Chichakli is attempting to assert a Fifth Amendment claim distinct from his takings claim, he still has failed to allege a waiver of immunity for this claim.  In any event, he has also failed to articulate what this claim is (if not a takings claim), and it should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Chichakli has failed to allege a waiver of immunity for his Fourth Amendment**

**Claim.**  While he cites several cases, none of them support his contention that he can sue the

United States for the alleged constitutional violations contained in this lawsuit.  The FTCA does

not waive immunity for these constitutional claims, and "absent a waiver, sovereign immunity

shields the Federal Government and its agencies from suit."  *F.D.I.C. v. Meyer,* 510 U.S. 471,

475, 478 (1994).  As the party seeking relief, Chichakli has "the burden of proving that Congress

has consented to suit by affirmatively waiving sovereign immunity in the specific context at

issue."  *Gulf Restoration Network v. McCarthy*, 783 F.3d 227, 232 (5th Cir. 2015).  "A waiver of

the Federal Government's sovereign immunity must be unequivocally expressed in statutory

text," and when a plaintiff seeks damages, sovereign immunity must be expressly waived for that

specific form of relief.  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  Waivers of sovereign immunity

"[must] be construed strictly in favor of the sovereign."  *McMahon v. United States*, 342 U.S. 25,

27 (1951).  In the Response, Chichakli contends that this is "nonsense," (Response ¶¶ 26, 28),

but still has not specified a waiver that would allow him to bring these constitutional claims.

The two primary cases cited by Chichakli do not support his argument that the United

States has no immunity for the Fourth Amendment claim.  The plaintiff in *Al Haramain*

challenged the temporary deprivation of its property following OFAC's designation, arguing that

the blocking constituted a seizure and violated the Fourth Amendment.  *Al Haramain Islamic

Found., Inc. v. United States Dep't of the Treasury*, 585 F. Supp. 2d 1233, 1263 (D. Or. 2008).[8]

---

[8] As noted in the motion at p. 26, the almost 100 years that the executive has acted to block assets under
IEEPA and its predecessor, the Trading With the Enemy Act , 50 U.S.C. app. §§ 1-44, only one Court of
Appeals has found that such blocking actions implicate the Fourth Amendment. *See Al Haramain Islamic
Found., Inc. v. United States Dep't of the Treasury*, 686 F.3d 965, 990-95 (9th Cir. 2012).  Other courts
have repeatedly rejected similar Fourth Amendment claims. *See, e.g., Holy Land Foundation For Relief
and Development v. Ashcroft*, 219 F. Supp. 2d 57, 79 (D.D.C. 2002) (stating that "the freezing of []
accounts is not a seizure entitled to Fourth Amendment protection"), *aff'd* 333 F.3d 156 (D.C. Cir. 2003).

In contrast, Chichakli expressly states that he is not challenging the original blocking of his property, but rather the delay in its return.  (Response ¶¶ 10(a)), (Complaint ¶ 66).  Regardless, the Court did not address the remedy for such an alleged violation, let alone hold that the Government could be sued for monetary relief.  In *United States v. Place*, a criminal case cited by Chichakli, the court determined that detention of luggage was, under the circumstances, an unreasonable seizure and determined that the evidence obtained from the subsequent search of his luggage was inadmissible.  *United States v. Place*, 462 U.S. 696, 710 (1983).  It did not, however, discuss or evaluate whether the defendant had any civil claims against the United States arising from such action.  *Id*.  In *United States v. Flores*, another case cited by Chichakli, Flores filed an action under 26 U.S.C. § 7426 that provides for civil actions in the case of a wrongful levy under the Internal Revenue Code, which is not applicable here.  *Flores v. United States*, 551 F.2d 1169, 1171 (9th Cir. 1977).  In any event, Flores, unlike Chichakli, was seeking return of his property and not damages under the FTCA. *Id.*

The other cases cited by Chichakli are equally inapposite.  Chichakli also cites *Marbury v. Madison*, essentially for the proposition that mandamus is the proper remedy to compel a secretary of state to deliver a commission to which the party is entitled.  *Marbury v. Madison*, 5 U.S. 137, 153 (1803).[9]  And he cites *Kendall v. United States*, which likewise dealt with whether a circuit court could issue a mandamus to compel a federal officer to perform a ministerial duty. *Kendall v. United States*, 37 U.S. 524, 625-26 (1838).  Neither case provides a waiver of jurisdiction for claims against the United States under the facts presented in this case.

Chichakli further attempts to argue the merits of his case, but he has not in any way alleged a waiver of immunity for a Fourth Amendment claim.  In essence, Chichakli  argues that

---

[9] Notably, Marbury's suit was not for damages, which would have required a waiver of immunity.

**Reply in Support of Defendant's Motion to Dismiss and Brief in Support  – Page 9**

OFAC unreasonably delayed the return of his property to him after he was de-listed from the Specially Designated Nationals and Blocked Persons List, and relatedly, that OFAC's unreasonable delays nearly caused the two-year statute of limitations for his claim to expire. (Response ¶¶ 3, 13, 19).  The Government agrees that the statute of limitations for FTCA claims is two years, 28 U.S.C. § 2401(b), and that the statute of limitations began to run, at the very latest, when OFAC returned Chichakli's property to him on May 17, 2017.  (Complaint ¶ 37). But the exhibits Chichakli submitted with his Complaint do not support his allegations of unreasonable delay.  For example, he includes a letter dated April 20, 2017, from OFAC that reads in relevant part:

> As previously noted in multiple communications with you and/or your designated personal representatives . . . and per your prior request, [OFAC] has been endeavoring to arrange the return of your formerly blocked property. OFAC has already facilitated the return of a car and motorcycle . . . in January 2017 [and] . . . OFAC has been in contact [with your representative] to finalize the return of the [other] Property.

(Complaint Ex. 11, Doc. 3, p. 141).  While he has not included with the Complaint the full scope of OFAC's prior communications with him, this passage alone demonstrates that well before April 20, 2017, OFAC was communicating with Chichakli in an effort to return his property to him expeditiously.  As such, his conclusory allegations of an unreasonable and intentional delay should not be credited.

## I.    CONCLUSION

For all these reasons, Chichakli's Complaint should be dismissed for lack of jurisdiction.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

*/s/ Dawn Whalen Theiss*
Dawn Whalen Theiss
Assistant United States Attorney
Texas Bar No. 24051755
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8628
Facsimile:   214-659-8807
dawn.theiss@usdoj.gov

ATTORNEYS FOR DEFENDANT
UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2019, I electronically filed the foregoing document with

the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case

filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing"

to any attorneys of record as service of this document by electronic means. A copy of this motion

was also served on Plaintiff Richard Chichakli at the following address by certified mail, RRR.

Richard Chichakli
2625 Van Buren Dr.
Plano, TX 75074

/s/ Dawn Whalen Theiss
DAWN WHALEN THEISS
Assistant United States Attorney

**Reply in Support of Defendant's Motion to Dismiss and Brief in Support  – Page 11**