IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD A. CHICHAKLI,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 3:19-cv-00372-C (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant United States of America (the "United States" or the "Government") has filed a Motion to Dismiss (ECF No. 14) this *pro se* civil action brought by Plaintiff Richard Chichakli. For the reasons stated, the District Court should GRANT the Motion to Dismiss and DISMISS all of Plaintiff's claims and causes of action against the United States for lack of subject matter jurisdiction. Additionally, the District Court should DISMISS all of Plaintiff's claims and causes of action against the remaining defendants under Federal Rules of Civil Procedure 4(m) and 41(b) for failure to properly serve those defendants.

**Background**

In 2004, President Bush issued an executive order under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 et seq., blocking certain individuals' property. Exec. Order No. 13348, 69 Fed. Reg. 44,885 (July 22, 2004). The following year, the Office of Foreign Assets Control ("OFAC") blocked

1

Plaintiff's property under President Bush's executive order because Plaintiff was acting in the United States on behalf of an international arms dealer. Pl.'s App. 61 (ECF No. 3-1); Compl. 14-15, ¶ 26 (ECF No. 3). After his property was blocked, Plaintiff initiated three separate lawsuits regarding the merits of the blocking of his property. None ultimately resulted favorably for Plaintiff. *Chichakli v. Szubin*, 2007 WL 9711515, at *5 (N.D. Tex. June 4, 2007), *aff'd in part, vacated in part*, 546 F.3d 315 (5th Cir. 2008); *Chichakli v. Obama*, 2014 WL 6755680, at *2 (D.D.C. Nov. 25, 2014), *aff'd in part, vacated in part*, 617 F. App'x 3 (D.C. Cir. 2015); *Chichakli v. Trump*, 242 F. Supp. 3d 45, 57 (D.D.C. 2017) (addressing on remand holding vacated by D.C. Circuit in *Chichakli v. Obama*, and denying Plaintiff's relief sought), *aff'd*, 714 F. App'x 1 (D.C. Cir. 2017); *Chichakli v. Kerry*, 203 F. Supp. 3d 48, 58 (D.D.C. 2016), *aff'd sub nom.*, *Chichakli v. Tillerson*, 882 F.3d 229 (D.C. Cir. 2018). Moreover, Plaintiff was charged criminally and convicted of three counts of conspiracy to violate the political economic sanction imposed on him. *United States v. Chichakli*, 2014 WL 5369424, at *6 (S.D.N.Y. Oct. 16, 2014).

In 2015, President Obama issued an executive order terminating President Bush's prior order. Exec. Order No. 13710, 80 Fed. Reg. 71,679 (Nov. 12, 2015). As a result, Plaintiff's assets were unblocked, but Plaintiff did not regain possession of his assets until 2017 when he was released from prison on his conspiracy convictions. *See* Compl. 16, 18, ¶¶ 30, 37. Plaintiff then brought a fourth lawsuit, this time alleging that the government failed to return his property timely and that not all his property was returned to him. *Chichakli v. United States*, 141 Fed. Cl.

633, 635 (2019). The Court of Federal Claims dismissed the action for lack of jurisdiction and failure to state a claim. *Id.* at 641. Shortly following the dismissal of his fourth lawsuit, Plaintiff brought the instant lawsuit in this Court. Plaintiff asserts three claims: (1) "theft and plundering of plaintiff's asset" (Compl. 24-26, ¶¶ 53-57); (2) "removal of economic value from plaintiff's asset" (*id.* at 26-27, ¶¶ 58-60); and (3) "illegal taking and seizure of plaintiff's asset . . . for one and one-half year after the removal of sanctions" (*id.* at 27-32, ¶¶ 61-70). By the instant lawsuit, Plaintiff appears to complain of the same conduct that he objected to in his fourth lawsuit: that the United States did not completely and timely return his property. The Government timely filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1). It has since been fully briefed and is ripe for determination.

**Preliminary Matters**

By his February 14, 2019 complaint, Plaintiff appears to have sued the following: (1) the United States; (2) OFAC; (3) the United States Department of Justice, including the Federal Bureau of Investigation; (4) the Drug Enforcement Agency; (5) the United States Attorney for the Southern District of New York; (6) URS Corps, Federal Service Division of Riverside California; (7) Theresa Newman; (8) Michael Dondarksi, the Assistant Director of Enforcement for OFAC; (9) the Justice Management Division; and (10) the Federal Tort Claims Act Section, Tort Branch of the United States Department of Justice. *Id.* at 6, ¶ 2. However, summons in this case has only been returned properly executed as to the United

States Attorney for the Northern District of Texas (ECF No. 12). Plaintiff submitted a document he styled "Certificate of Service," which comprises proof of service documents as to some of the other named defendants, but Plaintiff himself signed each of the proof of service documents as the process server. Certificate of Service 3, 5, 7, 9, 11 (ECF No. 6).

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service *and* (2) good cause for the Court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *see also Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders). A plaintiff cannot serve the defendants in a case himself. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added).

4

Only the United States has been properly served in this case. *See* Fed. R. Civ. P. 4(i)(1)(A)(i) (providing that to serve the United States, a party may deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought). To the extent the other agencies and individuals named as defendants in Plaintiff's complaint are proper defendants in this action,[1] the District Court should DISMISS this case against them for failure to properly effect service on them.

## Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks and citation omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*

---

[1] Neither the federal agencies nor the individual defendants named in Plaintiff's Complaint are proper defendants with respect to Plaintiff's the Federal Tort Claims Act ("FTCA") claims. Rather, only the United States is a proper defendant with respect to a claim under the FTCA. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("[A] suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees.") (citing 28 U.S.C. § 2679(a)).

5

*Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). The party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted).

The Fifth Circuit recognizes two types of challenges to a federal court's subject-matter jurisdiction—"facial" attacks, which are based solely on the pleadings, and "factual" attacks, which are based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *see also Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.") (citation omitted)). Whether the attack is facial or factual, however, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citation omitted).

When a defendant files a Rule 12(b)(1) motion to dismiss without evidentiary materials supporting it, the attack is facial, and the Court need only consider the sufficiency of the allegations in the plaintiff's complaint. *Paterson*, 644 F.2d at 523. Here, the United States filed the Motion to Dismiss unaccompanied by exhibits or appendices, thus making a "facial" attack on the Court's subject-matter jurisdiction.

## Analysis

Plaintiff appears to bring the first two claims under the Federal Tort Claims Act ("FTCA"). Compl. 10-11, ¶ 14 ("The issue before this Court in this matter, is a clear Tort case against defendants" who "fail[ed] to execute the duties to which they are obligated to adhere under the law resulted in damaging this Plaintiff, through defendant negligence and deliberate violation of the law by stealing, plundering, and embezzling Plaintiff's diamonds, cash, jewelry and other assets."). Further, he brings his third claim under the Fourth, Fifth, and Fourteenth Amendments. *Id.* at 28-29, ¶ 64. The Court lacks subject-matter jurisdiction over all three claims.

### I. The Court lacks subject-matter jurisdiction over Plaintiff's tort claims because Plaintiff has not exhausted his administrative remedies.

The FTCA "waives sovereign immunity and permits suits against the United States sounding in state tort for money damages." *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009). The FTCA subjects the United States to liability for personal injuries "caused by the negligent or wrongful act or omission of any employee of the Government." *Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000). Before bringing an FTCA claim in federal court, however, a plaintiff must exhaust his administrative remedies by presenting the claim to the appropriate federal agency. 28 U.S.C. § 2675(a). Once the appropriate federal agency either denies the plaintiff's claim or fails to act on the claim within six months after it is filed, the plaintiff may proceed to federal court. *Id.* In the Fifth

Circuit, this presentment requirement is jurisdictional. *Cook v. United States ex rel. United States Dep't of Labor*, 978 F.2d 164, 166 (5th Cir. 1992) (per curiam); *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016).

Presentment serves as pre-suit notice to the United States of the amount sought. Proper presentment requires submission of the claim to the appropriate federal agency for a "sum certain." 28 C.F.R. § 14.2(a). Ordinarily, claims are submitted on what is known as a Standard Form 95. *Id.* However, if the plaintiff has not submitted a Standard Form 95 stating damages in a sum certain but has substantially complied with the regulation's requirement to notify the United States of the amount sought, the presentment requirement may nonetheless be satisfied. *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984); *Williams v. United States*, 693 F.2d 555, 558 (5th Cir. 1982). For example, in *Williams*, the plaintiff sued a postal worker individually for personal injury, including in his complaint the specific amount of damages he sought. *Williams*, 693 F.2d at 556. That plaintiff later presented a tort claim against the United States to the Postal Service for the same incident, but his Standard Form 95 did not state the sum certain he sought in damages. *Id.* The plaintiff was nonetheless determined to have satisfied the presentment requirement because the United States (which defended the postal worker in the prior suit) had notice by the complaint in the prior suit of the specific total amount of damages the plaintiff sought. *Id.* at 557-58. But, barring notice to the United States otherwise, an incomplete statement of damages is not enough to satisfy the presentment requirement. *Montoya v. United States*,

8

841 F.2d 102, 104 (5th Cir. 1988).

    Plaintiff did not submit a Standard Form 95 to any federal agency prior to filing the instant suit. In his complaint, Plaintiff alleges that in January 2018, prior to the fourth lawsuit, he "filed a written claim with Defendant OFAC in compliance with [the FTCA]" (the "2018 Letter") and that OFAC "ignored [his] claim for 12 months." Compl. 9, ¶ 10. In his response to the instant motion to dismiss, however, he asserts that he actually satisfied the FTCA's presentment requirement by sending a letter to OFAC on May 30, 2017, also prior to the fourth lawsuit (the "2017 Letter").[2] Resp. 8 (ECF No. 16). Neither letter satisfies the presentment requirement because neither letter states a sum certain of damages sought.

    In the 2017 Letter, Plaintiff appears to respond to a letter OFAC sent Plaintiff a few days prior alerting him that the United States had returned the property it seized in 2005. Resp. Ex. 1 at 1. Plaintiff maintains in the 2017 Letter that only a small part of the property seized had been returned. *Id.* In particular, he alleged that "$1,000 [in] currency bills, [g]old articles, and diamond[] jewelry" was a small a subset of the "sum of [Plaintiff's] properties" that the United States had not yet returned to him. *Id.* Moreover, Plaintiff alleged that "[t]ens of thousands" of dollars disappeared from OFAC inventory, and "millions" were missing from what was frozen in 2005. *Id.* These allegations are approximate and inexact, and they do not

---

[2] The letter Plaintiff provides in support of this contention is, in fact, dated June 7, 2017. Resp. Ex. 1 at 1 (ECF No. 16-1). The date of the letter, however, is not significant in this case.

9

state a sum certain of damages. They do not give the United States notice as to the total amount of damages sought by his tort claims in the current lawsuit.

Plaintiff emphasizes that the 2017 Letter states the total value of his assets that were blocked in 2005. Resp. 8; Resp. Ex. 1 at 2 (stating total value of assets seized equaled $2.2 million). It is apparently his position that this stated value of all the blocked assets constitutes a sum certain statement of the damages Plaintiff seeks by his tort claims in this lawsuit. It does not. Plaintiff does not appear to seek the entire value of all the assets that were seized in 2005. Indeed, Plaintiff claims that *not all* the assets that were seized in 2005 have been returned to him. That *some* of Plaintiff's assets were returned to him forecloses the argument that a valuation of *all* the assets frozen in 2005 could constitute a sum certain statement of damages sought in this case.

The 2018 Letter likewise does not contain a sum certain statement of damages sought by the instant tort claim. It contains a "*partial* list of [Plaintiff's] claims against OFAC for theft and misappropriation of assets," which at the time it was written was "*not complete*." Resp. Ex. 2 at 1-2 (emphasis added). In the 2018 Letter, Plaintiff promised "finalization of the final compilation of account and records," (*id.* at 2) but there is no indication Plaintiff ever provided such a final compilation. And a promise for a more definite statement of damages in the future is not a sum certain statement of damages sought. *Montoya*, 841 F.2d at 104. Although Plaintiff previously filed a substantially similar lawsuit in the Court of Federal Claims against the United States, the complaint in that suit did not state

10

Plaintiff's damages in a sum certain. *See Chichakli*, 141 Fed. Cl. at 6339 (quoting Plaintiff's complaint). Thus, neither letter satisfies the presentment requirement, and the United States did not otherwise obtain notice in this case of the total damages Plaintiff seeks from his tort claims. Plaintiff has therefore not satisfied his presentment obligation.

This Court lacks subject matter jurisdiction over any tort claim Plaintiff brings in this case against the United States. The requirement to exhaust administrative remedies with respect to a tort claim against the United States is jurisdictional. Plaintiff has not exhausted his administrative remedies with respect to his tort claims because he has not presented to the appropriate federal agency a sum certain statement of damages sought, and he has not otherwise substantially complied with the requirement to do so.

## II. The Court lacks subject-matter jurisdiction over Plaintiff's Fifth Amendment claim because the Court of Federal Claims has exclusive jurisdiction.

The Fifth Amendment prohibits the government from taking individuals' property without just compensation. U.S. Const. Amend. V. The Court of Federal Claims has exclusive jurisdiction over takings claims against the United States that seek monetary damages in excess of $10,000. *See* 28 U.S.C. § 1491(a)(1); *E. Enters. v. Apfel*, 524 U.S. 498, 520 (1998). Where a plaintiff asserting a takings claim fails to plead the exact amount of damages sought, but it is clear from the complaint he seeks greater than $10,000, the Court of Federal Claims has exclusive jurisdiction. *See Chichakli*, 546 F.3d at 317 ("It is not clear . . . that Chichakli is seeking greater

than $10,000[, but he] alleged that the blocking order had the effect of destroying his business, freezing all of his accounts, depriving him of his automobile, and preventing use and collection of rents from rental property for over two years. These allegations . . . justify a finding that his claim is for more than $10,000.").

Plaintiff alleges the United States "[d]eprived [him of] his property without just compensation in violation of the Fifth . . . Amendment[]." Compl. 28-29, ¶ 64. Plaintiff does not allege with respect to his takings claim the exact amount of damages he seeks or the exact property the United States deprived him of. However, the basis of Plaintiff's other two claims in this suit appears to be that the United States allegedly deprived him of, among other things, (1) diamonds with an estimated value in excess of $100,000; (2) $1,000,000 in cash; (3) collectible currencies and bank notes worth more than $70,000; (4) business accounts receivable of approximately $80,000; (5) a mortgage note receivable of more than $20,000; (6) original artworks, together worth $320,000; (7) $45,000 in gold, jewelry, and other property; (8) $1,000,000 in certificates of deposit; (9) the benefits of rent from various rental properties for 12 years; and (10) his $110,000 vehicle. *Id.* at 24-26 ¶ 53-55, 59. As the Court understands it, the basis of Plaintiff's takings claim also rests on the allegation that the United States deprived him of these assets. It is therefore clear that Plaintiff's takings claim asserts damages greater than $10,000. The assets Plaintiff complains the United States deprived him of each alone are purportedly valued at greater than $10,000. Moreover, the 2017 Letter, filed with OFAC in advance of Plaintiff's fourth lawsuit, concedes that

the claim in that suit sought in excess of $10,000. Resp. Ex. 1 at 2. As discussed above, Plaintiff appears to bring substantially similar claims here as he did in the fourth lawsuit.

Plaintiff apparently attempts to disclaim his damages to confer jurisdiction over his takings claim on this Court. Resp. 11-12 (asserting that Plaintiff's takings claim is limited to three items: a one-thousand-dollar bill, a yellow gold ring with a half carat diamond, and a yellow gold chain with a yellow gold coin pendant). But it is not clear, even from Plaintiff's attempted disclaimer, that his takings claim seeks less than $10,000. And, in any event, generally such a disclaimer of damages should be set forth in the initial pleadings. *Stone v. United States*, 683 F.2d 449, 454 n.8 (D.C. Cir. 1982). Plaintiff's complaint, his initial pleading in this case, does not disclaim his damages in excess of $10,000. Indeed, Plaintiff's complaint asserts the United States embezzled "diamonds, cash, jewelry[,] *and other assets*" while they were in the Government's custody. Compl. 11, ¶ 14. Plaintiff knows that a takings claim seeking in excess of $10,000 falls within the exclusive jurisdiction of the Court of Federal Claims. The Fifth Circuit, in Plaintiff's first lawsuit, vacated the district court's judgment as it related to Plaintiff's takings claim because—as it sought more than $10,000 in damages—the district court lacked jurisdiction to hear it. *Chichakli*, 546 F.3d at 317. Moreover, Plaintiff brought his fourth lawsuit in the Court of Federal Claims, representing to that court that his claim was valued in excess of $10,000. *Chichakli*, 141 Fed. Cl. at 638. Because Plaintiff knew the limits on the Court's jurisdiction over takings claims when he filed his complaint,

13

Plaintiff's attempt to disclaim his damages in excess of $10,000 in his response to the Government's motion is unavailing.

Plaintiff's takings claim asserts damages greater than $10,000. Plaintiff did not disclaim damages in excess of $10,000 in his complaint. The Court of Federal Claims therefore has exclusive jurisdiction over Plaintiff's takings claim, and this Court lacks jurisdiction.

### III. The Court lacks subject-matter jurisdiction over Plaintiff's Fourth and Fourteenth Amendment claims because the United States has not waived immunity.

Sovereign immunity generally shields the United States and its agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). However, the United States can waive immunity by consenting to be sued. *Gulf Restoration Network v. McCarthy*, 783 F.3d 227, 232 (5th Cir. 2015). A plaintiff must prove that Congress consented to suit by affirmatively waiving sovereign immunity in the specific context at issue. *Id.* The FTCA does not waive sovereign immunity for constitutional tort claims. *Sampson v. United States*, 73 F. App'x 48, 49 (5th Cir. 2003) (per curiam); *Meyer*, 510 U.S. at 476. The federal government's sovereign immunity is jurisdictional in nature. *Hernandez v. United States*, 757 F.3d 249, 259 (5th Cir. 2014).

Plaintiff appears to bring the following constitutional claims: violation of the Fifth and Fourteenth Amendments by depriving him of his property without just compensation and violation of the Fourth Amendment by unreasonably seizing his property. Compl. 28-29, ¶ 64. All Plaintiff's constitutional claims fail because he

14

has not properly alleged waiver of immunity with respect to those claims. Indeed, all Plaintiff's constitutional claims appear to arise from the same conduct that Plaintiff alleges constitutes a tort. But the FTCA does not waive sovereign immunity for constitutional torts such as the ones Plaintiff alleges. Moreover, the authority Plaintiff cites to support his contention that he can bring these claims is unavailing. For example, Plaintiff cites a Ninth Circuit case which held that OFAC's freezing of assets may require a warrant under the Fourth Amendment. Resp. 13 (citing *Al Haramain Islamic Found., Inc. v. United States Dep't Treasury*, 686 F.3d 965, 993 (9th Cir. 2012)). As the Government points out, the Ninth Circuit is the only court that has found that OFAC blocking actions implicate the Fourth Amendment, and other circuits have "repeatedly" rejected that notion. Reply 8 n.8. In any event, *Al Haramain* is not on point because there the plaintiff's claims apparently did not sound in tort as they do here.

This Court lacks jurisdiction over Plaintiff's constitutional tort claims because the United States has not waived sovereign immunity with respect to them.

## Recommendation

For the foregoing reasons, the District Court should GRANT the Government's Motion to Dismiss (ECF No. 14) and DISMISS all Plaintiff's claims and causes of action against the United States for lack of subject matter jurisdiction. Additionally, the Court should DISMISS all of Plaintiff's claims and cause of action against the following defendants under Federal Rules of Civil

Procedure 4(m) and 41(b) for failure to properly serve those defendants: (1) OFAC; (2) the United States Department of Justice, including the Federal Bureau of Investigation; (3) the Drug Enforcement Agency; (4) the United States Attorney for the Southern District of New York; (5) URS Corps, Federal Service Division of Riverside California; (6) Theresa Newman; (7) Michael Dondarksi, the Assistant Director of Enforcement for OFAC; (8) the Justice Management Division; and (9) the Federal Tort Claims Act Section, Tort Branch of the United States Department of Justice.

    **SIGNED** December 18, 2019.

    _____
    REBECCA RUTHERFORD
    UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).